# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|   |   |   |
|---|---|---|
| XAVIER SHERROD TODD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:15-cv-02312-STA-dkv |
| | ) | |
| DARREN SETTLES, et al., | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## ORDER TO MODIFY THE DOCKET,
## DENYING MOTION TO COMPEL (ECF No. 13),
## AND DISMISSING CERTAIN CLAIMS

Before the Court is the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition"), as amended, filed by Petitioner, Xavier Sherrod Todd, Bureau of Prisons register number 16647-076, who was, when he commenced this action, an inmate at the Federal Correctional Institution Medium in Forrest City, Arkansas ("FCI Forrest City Medium") (ECF No. 1), and Todd's Motion to Compel (ECF No. 13).[1] For the reasons stated below, the Court **DENIES** the Motion to Compel and **DISMISSES** certain claims in the § 2241 Petition.[2]

---

[1] Todd was released from federal custody on December 23, 2016. *See* www.bop.gov/inmateloc (searched Feb. 7, 2017). He is currently in the custody of the Tennessee Department of Correction ("TDOC") housed at the Bledsoe County Correctional Complex ("BCCX") in Pikeville, Tennessee. The Clerk is directed to modify the docket to include Todd's TDOC prisoner number of 126502, which was obtained from the TDOC's Felony Offender Information, https://apps.tn.gov/foil-app/search.jsp (searched Feb. 7, 2017), and mail a copy of this order to him in an envelope bearing his TDOC number.

[2] In this action, Todd has filed various documents asserting a series of claims on three unrelated subjects: (i) a series of documents challenging various convictions obtained in the Shelby County Criminal Court; (ii) documents challenging the fact that Todd's state sentences were not run fully concurrently with a federal sentence that was imposed in 1999; and (iii) documents challenging Todd's federal sentence in light of the Supreme Court's decision in

I.        BACKGROUND AND PROCEDURAL HISTORY

Until he was released on December 23, 2016, Todd was serving a federal sentence for bank fraud, which was imposed in 2014, and a sentence for violating the terms of his supervised release from his 1999 sentence. Upon his release, Todd was transferred to state custody to serve one or more state sentences. Most of the filings in this case address various convictions and sentences obtained in the Criminal Court for Shelby County, Tennessee.

A.    Todd's Tennessee Convictions and Sentences

On January 9, 1989, Todd entered guilty pleas in the Criminal Court for Shelby County, Tennessee, to burglary of an automobile, assault with intent to commit first degree murder, and grand larceny. Todd was sentenced to a term of imprisonment of five years. On March 3, 1989, Todd pled guilty to one count of burglary of an automobile and two counts of grand larceny. The trial judge sentenced Todd to a term of imprisonment of three years, with that sentence to run concurrently to the sentence that had been imposed on January 9, 1989. On June 30, 1989, Todd pled guilty to attempt to commit third degree burglary. He was sentenced to a term of imprisonment of two years, to run concurrently with his outstanding sentences. Todd served those sentences and was released. *See Todd v. State*, No. W2005-00681-CCA-R3-HC, 2005 WL 2259060, at *1, 2 (Tenn. Crim. App. Sept. 16, 2005) ("*Todd I*").

On July 9, 1998, Todd pled guilty to driving while a habitual motor vehicle offender. He was sentenced to two years.

On June 19, 2000, Todd pled guilty to two counts of theft of property over $60,000, one count of intentionally evading arrest in a motor vehicle, three counts of burglary of a building, two counts of driving while a habitual motor vehicle offender, one count of possession of a

---

*Johnson v. United States*, 135 S. Ct. 2551 (2015). In the interest of clarity, this order addresses only the first of these topics.

handgun by a convicted felon, and one count of theft of property over $1000. The trial judge imposed an effective sentence of thirty years to be served as a career offender with 60% release eligibility, to run concurrently to the sentence Todd was serving for his 1999 federal conviction. *Todd v. State*, No. W2005-02483-CCA-R3-PC, 2006 WL 2771035 (Tenn. Crim. App. Sept. 27, 2006), *appeal denied* (Tenn. Jan. 22, 2007) ("*Todd II*").

On October 4, 2004, Todd filed a petition for a writ of habeas corpus in the Shelby County Criminal Court in which he alleged that his 1989 sentences were illegal under Tennessee law because all of his sentences were to run concurrently. Because Todd committed some of his offenses while he was on bail, the sentences obtained for those convictions were supposed to have been run consecutively to the first sentences that were imposed. The trial court summarily denied the petition. The Tennessee Court of Criminal Appeals ("TCCA") affirmed, holding that Todd was not entitled to habeas relief because he "is no longer in the custody of the State of Tennessee and . . . the challenged sentences have long since expired." *Todd I*, 2005 WL 2259060, at *2.

**B.    Case Number 2:15-cv-02312**

On May 11, 2015, Todd filed his *pro se* § 2241 Petition. (ECF No. 1.) The Clerk shall record the respondents as Attorney General Jeff Sessions and BCCX Warden Darren Settles.[3] The § 2241 Petition bears the docket numbers of twenty-five cases from the Criminal Court for Shelby County, Tennessee, dated between 1988 and 1999. (ECF No. 1 at PageID 1.) The § 2241 Petition asserts that, on February 18, 2015, Todd mailed a private Administrative Notice

---

[3] The § 2241 Petition lists the respondents as FCI Forrest City Medium Warden Rivera and the State of Tennessee, et al. (ECF No. 1 at PageID 1.) The only proper respondent to a habeas petition is the petitioner's custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). The Clerk is directed to terminate the State of Tennessee as a party to this proceeding. The Clerk is further directed to terminate Warden Rivera as respondent. *See* Fed. R. Civ. P. 25(d).

3

and Counterclaim bearing these docket numbers to the Criminal Court. (*Id.* at PageID 4.)[4] The Administrative Notice gave the Respondents twenty-one days to respond. Because they failed to respond, Todd argues that his numerous criminal judgments are now void. (ECF No. 1 at PageID 4.)[5] On March 18, 2015, Todd mailed Private Administrative Notices of Default and Opportunity to Cure. Because the "Respondents" did not respond within fourteen days, as demanded, Todd argues that they have conceded to default judgments and final judgments. (ECF No. 1 at PageID 4.) The prayer for relief asks the Court to

> perfect my Judgment by releasing the Proceeds, Products, Accounts, Fixtures, and Credit and Orders of Judgment back to me, the Principal and Owner of the Accounts, further i [sic] request the court to perform full set off, Settlement, Closure, Adjustment, Expungement of all accounts of record with the State of Tennessee Department of Corrections, NCIC, Interpol, and all other Local, State,

---

[4] Attached to the § 2241 Petition is a copy of a document, entitled "PRIVATE ADMINISTRATIVE NOTICE AND COUNTER CLAIM, PURSUANT TO THE REDEMPTION OF THE PLEDGE IN THE PUBLIC POLICY OF PUBLIC LAW 73-10 (HJR-192) AND DEMAND FOR FULL SET OFF OF ALL CASES AND ACCOUNTS AND FOREVER EXPUNGE, SETTLE, CLOSE AND RETURN OF THE CREDIT BACK TO THE BENEFICIARY AND EXECUTOR OF THE TRUST IN CASE ACCOUNTS AND ALL DERIVATIVES OF RECORD . . . ." (ECF No. 1-4 at PageID 29.)

[5] The respondents named in the Private Administrative Notice and Counterclaim were

> STATE OF TENNESSEE INSOLVENT CORPORATION, DIVISION I: INSOLVENT MUNICI CIPAL [sic] CORPORATION, DIVISION II[,] INSOLVENT MUNCIPAL CORPORATION, DIVISION III: INSOLVENT MUNI CIPAL [sic] CORPORATION, DIVISION IV[,] INSOLVENT MUNICIPAL CORPORA TION [sic], DIVISION V: INSOLVENT MUNICIPAL CORPORATION, DIVISION VI: INSOLVENT MUNI CIPAL [sic] CORPORATION, DIVISION IX[,] INSOLVENT MUNICIPAL CORPORATION L.T. LAFFERTY:d/b/a JUDGE, B. WISERMAN: d/b/a JUDGE, MR. DAILY: d/b/a JUDGE, MR. MECARTNY: d/b/a JUDGE, FRED AXLEY: d/b/a JUDGE, JOE BROWN: d/b/a JUDGE, MOES, DOES AND ROES, 1-1000 INDIVIDUALLY AND SEVERALLY, IN EACH THEIR PRIVATE AND PUBLIC CAPACITY, THIRD PARTY LIBELEES[.]

(ECF No. 1-4 at PageID 29-30.) In that filing, Todd asked the parties "to perform full Setoff, Settlement, Closure, Adjustment, Expungement, and Forever Unconditionally Discharge all accounts of record, to include all derivatives, that I've been accused of and to eliminate all of the records . . . ." (*Id.* at PageID 36.) Todd also sought money damages in the amount of $1 million for each case, for a total of $26 million. (*Id.*)

> Federal, International Governments, all in accorded [sic] with the Public Policy in Public Law 73-10 (31 U.S.C.-5118 ET. AL) invoking (28 U.S.C.-2201)

(*Id.* at PageID 5.)

On August 31, 2015, Todd filed a document, titled AMENDMENT SUPPLEMENTAL PROOF OF RECORD TO SUPPORT PRIVATE ADMINISTRATIVE NOTICE AND COUNTER CLAIM DEFAULT JUDGMENT SERVICE OF PROCESS—SUBSTITUTE OF SERVICE, that purports to show that the Private Administrative Notice and Counter Claim referred to in the original § 2241 Petition was properly served on the purported respondents. (ECF No. 5.) Todd asks the Court to "perfect his Nil Dicit Default Judgment [and] order the State of Tennessee to expunge state priors from there [sic] records" and to "[s]end a order to Tennessee Department of Correction to release there [sic] detainer on the void priors." (*Id.* at PageID 130.)

On September 23, 2015, Todd filed a document, titled NOTICE OF JUDGMENT AND ORDER OF NIL DICIT AFFIRMING JURISDICTION OF NIL DICIT DEFAULT JUDGMENT AND NOTICE OF TORT CLAIM OBLIGATION OF PLEDGED COLLATERAL, which argues that he is entitled to a default judgment on the Private Administrative Notice and Counter Claim referred to in the original § 2241 Petition and that he is entitled to unspecified money damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2675 *et seq.* (ECF No. 6.)

On November 5, 2015, Todd filed a PETITION FOR SUMMARY JUDGMENT FRCP 56, which seeks summary judgment on the claims in the original § 2241 Petition. (ECF No. 8.) In an order entered on September 2, 2016, the Court denied the summary judgment motion without prejudice because "[t]his matter has not yet been screened pursuant to the Local Rules of this Court." (ECF No. 11.)

On February 18, 2016, the Clerk docketed a set of documents submitted by Todd, titled "Exempt from Levy," consisting of a portion of a parole certificate from the Tennessee Board of Probation and Parole, dated November 20, 2010 (ECF No. 9 at PageID 151); a portion of a parole violation report, dated September 9, 2014 (*id.* at PageID 153); and two documents, titled AFFIANT STATEMENT AND AFFIDAVIT, signed by Todd (*id.* at PageID 155, 157). These documents, which have no legal force or effect, do not affect the validity of the revocation of Todd's Tennessee parole.

On October 4, 2016, Todd filed an AFFIANT STATEMENT AND AFFIDAVIT titled "Certificate of Dishonor of Nunc Pro Tunc 1099 OID Request." (ECF No. 12.) That document has no legal force and effect and, therefore, the Court will disregard it.

On October 24, 2016, Todd filed a Motion to Compel. (ECF No. 13.)[6]

### C. The Motion to Compel (ECF No. 13)

In his Motion to Compel, Todd asks the Court "to perfect my Judgment by releasing the Proceeds, Products, Accounts, Fixtures, the Credit and Orders of Judgment back to me" and "to perform full set off, Settlement, Closure, Adjustment, Expungement of all accounts of record with the State of Tennessee Department of Correction, NCIS, Interpol, and all other Local, State, Federal, International Governments . . . ." (ECF No. 13 at PageID 170.)

The Motion to Compel asks the Court to award the relief sought in the original § 2241 Petition. *See supra* pp. 4-5. Because that Petition is meritless for the reasons stated below, the Motion to Compel is **DENIED**.

---

[6] On December 14, 2016, Todd filed a petition for a writ of mandamus with the Sixth Circuit Court of Appeals. (ECF No. 17.) The Clerk is directed to modify the docket to reflect that Todd's mandamus petition is not a pending motion to be addressed by this Court.

## II. ANALYSIS

This Court may issue a writ of habeas corpus with respect to Todd's various Shelby County judgments only if he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The State of Tennessee provides a scheme for prisoners to challenge their criminal convictions through direct appeals, *see* Tenn. R. App. P. 3(b), the filing of post-conviction petitions, *see* Tenn. Code Ann. §§ 40-30-101 to -122, habeas petitions, Tenn. Code Ann. §§ 29-21-101 to -130, and petitions for a writ of error *coram nobis*, *see* Tenn. Code Ann. §§ 27-7-101 to -108. There is no authority under Tennessee law to treat a criminal conviction as a private commercial transaction and to impose on various state officials, including court clerks and trial judges, an obligation to respond to documents such as the Private Administrative Notice and Counterclaim mailed by Todd. The § 2241 Petition and the various other filings submitted by Todd do not allege that the failure of various Tennessee officials to respond to his Private Administrative Notice violated his rights under the United States Constitution or federal law or that the United States Constitution or federal law requires that a failure to respond voids a state conviction, even one that has expired years ago.

Moreover, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also id.* at 486 (habeas corpus is the appropriate instrument for a prisoner who has been unlawfully subjected to physical restraint to obtain release); *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus."). Money damages are not available on a habeas petition. *Preiser*,

411 U.S. at 494 ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").

Because it appears from the application that Todd is not entitled to a writ of habeas corpus on his challenges to his Tennessee convictions arising from the Private Administrative Notice and Counterclaim, the Court will not issue an order for Respondents to show cause why the writ should not be granted. *See* 28 U.S.C. § 2243. This aspect of the § 2241 Petition is **DENIED**.

IT IS SO ORDERED this 7th day of March, 2017.

s/ **S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE